# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIOVANNI THOMAS JASSO, | Case No. 1:24-cv-00133-KES-SAB-HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTIONS FOR DISCOVERY |
| v. | (ECF Nos. 20, 25) |
| GISELLE MATTESON, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On May 3, 2024, Petitioner filed a motion to compel discovery, requesting production of documents, minute orders, and transcripts related to a resentencing hearing. (ECF No. 20.) On May 16, 2024, Respondent filed copies of Petitioner's petition for resentencing pursuant to California Penal Code section 1172.6 and a minute order, dated December 15, 2023, dismissing the petition. (ECF No. 22.) On July 26, 2024, Petitioner filed another motion for discovery, clarifying that he is requesting production of documents, minute orders, and transcripts related to a resentencing hearing that occurred on July 12, 2023. (ECF No. 25.)

Although discovery is available pursuant to Rule 6 of the Rules Governing Section 2254 Cases, it is only granted at the Court's discretion, and upon a showing of good cause. Bracy v. Gramley, 520 U.S. 899, 904 (1997); McDaniel v. U.S. District Court (Jones), 127 F.3d 886, 888

1  (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a), Rules
2  Governing Section 2254 Cases. Good cause is shown "where specific allegations before the court
3  show reason to believe that the petitioner may, if the facts are fully developed, be able to
4  demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908–09 (citing Harris v. Nelson,
5  394 U.S. 287 (1969)). If good cause is shown, the extent and scope of discovery is within the
6  court's discretion. See Rule 6(a), Rules Governing Section 2254 Cases. "[A] district court
7  abuse[s] its discretion in not ordering Rule 6(a) discovery when discovery [i]s 'essential' for the
8  habeas petitioner to 'develop fully' his underlying claim." Smith v. Mahoney, 611 F.3d 978, 997
9  (9th Cir. 2010) (alterations in original) (internal quotation marks omitted) (quoting Pham v.
10 Terhune, 400 F.3d 740, 743 (9th Cir. 2005)).

11       In his petition for writ of habeas corpus, Petitioner raises the following claims for relief:
12 (1) sufficiency of the evidence; (2) erroneous instruction; and (3) cumulative error. (ECF No. 1
13 at 133–39.[1]) These claims were raised in the petition for review filed in the California Supreme
14 Court, which summarily denied the petition. (LDs[2] 39, 40.) The Court presumes that the
15 California Supreme Court adjudicated the claims on the merits, and thus, § 2254(d) is applicable.
16 See Harrington v. Richter, 562 U.S. 86, 99–100 (2011).

17       "AEDPA . . . restricts the scope of the evidence that we can rely on in the normal course
18 of discharging our responsibilities under § 2254(d)(1)." Murray v. Schriro, 745 F.3d 984, 998
19 (9th Cir. 2014). "AEDPA's 'backward-looking language requires an examination of the state-
20 court decision at the time it was made. It [then logically] follows that the record under review is
21 *limited to the record in existence at that same time*, *i.e.*, the record before the state court.'" Id.
22 (alteration in original) (emphasis added) (quoting Cullen v. Pinholster, 563 U.S. 170, 182
23 (2011)).

24       Here, the California Supreme Court denied Petitioner's petition for review on October 12,
25 2022. (LD 40.) Therefore, at this point in the proceedings, this Court is limited to reviewing the
26 state court record in existence on October 12, 2022. Petitioner is requesting production of

---

[1] Page numbers refer to the ECF pagination.
[2] "LD" refers to the documents lodged by Respondent on March 7, 2024. (ECF No. 12.)

documents, minute orders, and transcripts of a resentencing hearing that occurred on July 12, 2023, after the California Supreme Court issued its denial. (ECF No. 25 at 1.) However, the Court cannot consider this evidence in determining whether the state court's denials of Petitioner's claims were contrary to, or an unreasonable application of, clearly established federal law, or were based on an unreasonable determination of facts under § 2254(d).

Based on the foregoing, the Court DENIES Petitioner's motions for discovery (ECF Nos. 20, 25).

IT IS SO ORDERED.

Dated:  **August 1, 2024**

UNITED STATES MAGISTRATE JUDGE