# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIOVANNI THOMAS JASSO,<br><br>    Petitioner,<br><br>    v.<br><br>GISELLE MATTESON,<br><br>    Respondent. | Case No. 1:24-cv-00133-KES-SAB-HC<br><br>ORDER DENYING PETITIONER'S MOTION TO STAY<br><br>(ECF No. 30) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

On January 5, 2024, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Central District of California. (ECF No. 1.) On January 30, 2024, the petition was transferred to this Court. (ECF Nos. 5, 6.) On March 22, 2024, Respondent filed an answer. (ECF No. 17.) On October 4, 2024, Petitioner filed a traverse. (ECF No. 32.)

On May 3, 2024, Petitioner filed a motion to compel discovery, requesting production of documents, minute orders, and transcripts related to a resentencing hearing. (ECF No. 20.) On May 16, 2024, Respondent filed copies of Petitioner's petition for resentencing pursuant to California Penal Code section 1172.6 and a minute order, dated December 15, 2023, dismissing

1

1  the petition. (ECF No. 22.) On July 26, 2024, Petitioner filed another motion for discovery,
2  clarifying that he is requesting production of documents, minute orders, and transcripts related to
3  a resentencing hearing that occurred on July 12, 2023. (ECF No. 25.) On August 2, 2024, the
4  Court denied Petitioner's requests for discovery. (ECF No. 27.)

5  On August 29, 2024, Petitioner filed the instant motion, requesting the Court stay this
6  matter because Petitioner seeks to file a post-judgment discovery request in the state superior
7  court to obtain minute orders, transcripts, and a written declaration from a July 12, 2023
8  resentencing hearing. (ECF No. 30.) To date, no opposition or statement of non-opposition has
9  been filed, and the time for doing so has passed.

## II.

## DISCUSSION

A "district court had the inherent authority to stay federal proceedings pursuant to its docket management powers."[1] Ernest Bock, LLC v. Steelman, 76 F.4th 827, 842 (9th Cir. 2023), cert. denied sub nom. Steelman v. Ernest Bock, LLC, 144 S. Ct. 554 (2024). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). "A stay is not a matter of right, even if irreparable injury might otherwise result." Nken v. Holder, 556 U.S. 418, 433 (2009) (internal quotation marks omitted) (quoting Virginian R. Co. v. United States, 272 U.S. 658, 672 (1926)). "It is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'" Nken, 556 U.S. at 433 (alteration in original) (quoting Virginian R. Co., 272 U.S. at 672–73). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Nken, 556 U.S. at 433–34.

The Ninth Circuit has "identified three non-exclusive factors courts must weigh when deciding whether to issue a docket management stay":

///

---

[1] Petitioner states that he is requesting a stay "in order to exhaust state remedies." (ECF No. 30 at 2.) However, Petitioner's claims are exhausted, and he is requesting a stay to obtain documents he believes will further support his claims for relief.

(1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law."

Steelman, 76 F.4th at 842 (quoting Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005)). Additionally, the Ninth Circuit has recognized that "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." Yong v. I.N.S., 208 F.3d 1116, 1120 (9th Cir. 2000). "Special solicitude is required because the writ is intended to be a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" Yong, 208 F.3d at 1120 (some quotation marks omitted) (quoting Fay v. Noia, 372 U.S. 391, 400 (1963)). "Consequently, although a short stay may be appropriate in a habeas case to await a determination in a parallel case in the same court, or to allow a state to prepare for a retrial of a successful petitioner," the Ninth Circuit has "never authorized, in the interests of judicial economy, an indefinite, potentially lengthy stay in a habeas case." Yong, 208 F.3d at 1120 (citations omitted).

As previously noted in the order denying discovery, Petitioner's claims were raised in the petition for review filed in the California Supreme Court, which summarily denied the petition. (LDs[2] 39, 40.) The Court presumes that the California Supreme Court adjudicated the claims on the merits, and thus, § 2254(d) is applicable. See Harrington v. Richter, 562 U.S. 86, 99–100 (2011). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "restricts the scope of the evidence that we can rely on in the normal course of discharging our responsibilities under § 2254(d)(1)." Murray v. Schriro, 745 F.3d 984, 998 (9th Cir. 2014). "AEDPA's 'backward-looking language requires an examination of the state-court decision at the time it was made. It [then logically] follows that the record under review is *limited to the record in existence at that same time*, *i.e.*, the record before the state court.'" Id. (alteration in original) (emphasis added) (quoting Cullen v. Pinholster, 563 U.S. 170, 182 (2011)).

Here, the California Supreme Court denied Petitioner's petition for review on October 12, 2022. (LD 40.) Therefore, at this point in the proceedings, this Court is limited to reviewing the

---

[2] "LD" refers to the documents lodged by Respondent on March 7, 2024. (ECF Nos. 12–15.)

1 state court record in existence on October 12, 2022. Petitioner is requesting a stay in order to
2 obtain documents from a resentencing hearing that occurred on July 12, 2023, after the
3 California Supreme Court issued its denial. However, the Court cannot consider such evidence in
4 determining whether the state court's denials of Petitioner's claims were contrary to, or an
5 unreasonable application of, clearly established federal law, or were based on an unreasonable
6 determination of facts under § 2254(d). Accordingly, the Court finds that a stay in this matter is
7 not warranted because at this point in the proceedings the Court cannot consider the documents
8 Petitioner seeks to obtain.

9  "Pursuant to section 636, magistrate judges may hear and determine nondispositive
10 matters, but not dispositive matters, in § 2254 proceedings." Mitchell v. Valenzuela, 791 F.3d
11 1166, 1168 (9th Cir. 2015) (citing Hunt v. Pliler, 384 F.3d 1118, 1123 (9th Cir. 2004)). "To
12 determine whether a motion is dispositive, we have adopted a functional approach that looks to
13 the effect of the motion, in order to determine whether it is properly characterized as dispositive
14 or non-dispositive of a claim or defense of a party." Mitchell, 791 F.3d at 1168–69 (internal
15 quotation marks omitted) (quoting Flam v. Flam, 788 F.3d 1043, 1046 (9th Cir. 2015)). "[A]
16 motion to stay is nondispositive where it '[does] not dispose of any claims or defenses and [does]
17 not effectively deny . . . any ultimate relief sought.'" Mitchell, 791 F.3d at 1170 (second and
18 third alterations in original) (quoting S.E.C. v. CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th
19 Cir. 2013)). Here, denying a stay "[does] not dispose of any claims or defenses and [does] not
20 effectively deny . . . any ultimate relief sought." Mitchell, 791 F.3d at 1170 (internal quotation
21 marks and citation omitted). Accordingly, the Court has authority to deny Petitioner's motion to
22 stay.

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## III.
## ORDER

Based on the foregoing, the Court HEREBY ORDERS that Petitioner's motion to stay (ECF No. 30) is DENIED.

IT IS SO ORDERED.

Dated: __**October 29, 2024**__

UNITED STATES MAGISTRATE JUDGE